### SPERRY v. FOX et al.

*(Supreme Court, General Term, Second Department.* February 8, 1892.)

ATTACHMENT—AFFIDAVIT—COMPLAINT.

 Plaintiff's affidavit in attachment against non-resident defendants claimed $1,250. It appeared from the complaint and contract annexed that plaintiff was to receive from defendant a royalty of 20 per cent. on sales of a patented article, and, at all events, $1,000 per annum. The complaint showed that the $1,000 was due, and averred that there was due the further sum of $250 for royalties. *Held*, that $1,250 was sufficiently shown to be due without averring a rendition of an account to defendants for the $250 royalties.

Appeal from special term, Kings county.

Action by Charles Sperry against Samuel L. Fox and another. From an order denying a motion to vacate an attachment, defendants appeal. Affirmed.

Argued before BARNARD, P. J., and DYKMAN and PRATT, JJ.

*Robertson & Harmon,* (*Arthur R. Robertson,* of counsel,) for appellants. *Albert G. McDonald,* for respondent.

BARNARD, P. J. The defendants are non-residents. An attachment was granted against their property. The cause of action is upon a breach of a contract, and the sum demanded in the complaint is $1,250. By section 636 of the Code, it is necessary to show by affidavit that the plaintiff is entitled to recover that sum over and above all counter-claims known to him. The sole question presented by this appeal is whether the plaintiff sought to recover $1,250, as shown by the affidavit on which the attachment was granted. The complaint is verified, and forms part of the papers on which the attachment was granted. Annexed to it is the contract on which the action is based. By this contract the defendants were authorized to manufacture a drawing board and ruler under a patent granted to the plaintiff as the inventor thereof. A royalty of 20 per cent. was to be paid the plaintiff upon articles manufactured and sold by the defendants. A minimum sum of $1,000 a year was to be paid the plaintiff each and every year, beginning 5th February, 1890, to the end of the term, which was the term of the letters patent and any extension thereof. The letters patent as issued run to 1906. The contract provided that on the 5th of February, May, August, and November in each year the defendants would furnish an account for the royalty due for the preceding quarter, and pay it within the month. The complaint and the affidavit of plaintiff state that the $1,000 minimum royalty was due and payable and unpaid on the 5th of March, 1891. No question can be raised as to the $1,000 portion of the $1,250 demanded. The complaint does not aver a delivery of an account in the month preceding the 5th of May, 1891, showing the royalties due. The averment simply is that under the terms of the contract, which plaintiff had fully performed, there was due on the 5th of June, 1891, the sum of $250. The right of the plaintiff to the royalty does not depend upon the account rendered, but may be recovered by proof of articles sold. The complaint and affidavit do not state facts from which $250 is due for royalties between February and May, 1891; and it is doubtful whether the $250 minimum royalty can be sued for every quarter. The yearly sum must amount to the

$1,000. The minimum amount may be claimed by plaintiff until proof is adduced by defendants that such minimum was not earned during any quarter. The order should therefore be affirmed, with costs and disbursements.

All concur.